**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TANYA MULLIGAN and MICHAEL
MULLIGAN,

          Plaintiffs,

-vs-                                   Case No.  8:07-cv-1991-T-24-MAP

THE FRANK FOUNDATION CHILD
ASSISTANCE INTERNATIONAL and
ADOPTION OPTIONS, Inc.,

          Defendants.
_____/

**ORDER**

      This cause comes before the Court on Defendant Adoption Options' Motion to Dismiss the Complaint for lack of personal jurisdiction, or in the alternative, to transfer venue or to provide a more definite statement in the Complaint. (Doc. No. 37.)  Defendant's Motion was considered by the United States Magistrate Judge, pursuant to a specific order of referral. Magistrate Judge Scriven issued a Report and Recommendation that Defendant's Motion to Dismiss be granted for lack of personal jurisdiction. (Doc. No. 63.)  Having found them moot in light of that recommendation, Judge Scriven did not reach the remainder of the issues briefed. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1).  Plaintiffs' objection to the Report and Recommendation was filed on October 14, 2008. (Doc. No. 66.)  Defendant responded to the objection on October 23, 2008.  (Doc. No. 68.)

      Upon consideration of the Report and Recommendation and Plaintiff's objections thereto, and upon this Court's independent examination of the file, it is determined that the Report and

Recommendation (Doc. No. 63) should be adopted.  The Court now elaborates on two points addressed therein.

## DISCUSSION

The determination of whether the Court possesses personal jurisdiction over Adoption Options requires a two-part analysis. See, e.g., Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). "First, [the Court] must determine whether the Florida long-arm statute provides a basis for personal jurisdiction." Id.  In making this determination, the Court must strictly construe the long-arm statute.  Crowe v. Paragon Relocation Res., Inc., 506 F. Supp. 2d 1113, 1119 (N.D. Fla. 2007). If the Court determines that the long-arm statute is satisfied, it must then decide "whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." Sculptchair, 94 F.3d at 626 (quotations omitted).  "The minimum contacts requirement is satisfied if the defendant purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state." Crowe, 506 F. Supp. 2d at 1119 (quotation omitted).

*A.  Long-Arm Jurisdiction*

Plaintiffs claim that Florida's long-arm statute extends to Defendant because the statute grants personal jurisdiction over those who have committed torts within the state. See Fla. Stat. § 48.193(1)(b) (2006).  This encompasses torts committed via telephonic communication with persons in Florida.  Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002).  For the torts of negligent and intentional misrepresentation to lie in this state, Plaintiffs must show reliance on

the statements made as well as damages flowing from that reliance.  See, e.g., Romo v. Amedex Ins. Co., 930 So. 2d 643, 650–51, 653 (Fla. 3d DCA  2006).

The only allegedly tortious communication made by Defendant to a resident in the state of Florida is a single telephone call, initiated by Plaintiffs, in which an employee for Defendant stated that the adopted children were healthy and could be normalized by Plaintiffs' love. Plaintiffs claim that they relied on this representation and, as a result, delayed seeking medical and psychological attention for their children.

However, the record shows that Plaintiffs did not delay seeking such attention as the result of the communication.  Plaintiffs concede that they had *already* subjected their children to extensive psychological evaluations, the results of which revealed the severe nature of the children's conditions.  Thus, the phone call did not cause a delay in the evaluation or diagnosis of the children; no other reliance or injury is alleged.  Thus, the representations made during the phone call are insufficient to form the basis of the Court's long-arm jurisdiction over Defendant, because they did not give rise to all of the elements required to create a tort.

### B.  Minimum Contacts

Even if Defendant met the requirements of the long-arm statute, Defendant would also need sufficient minimum contacts with the state of Florida such that extending jurisdiction over Defendant would not offend "traditional notions of fair play and justice."  Sculptchair, 94 F.3d at 626 (quotation omitted). When an entity continues a relationship of communication with a person who unilaterally chooses to relocate to another state, that entity's continued communication alone does not constitute the purposeful availment of that state's jurisdiction required to render such jurisdiction fair and just.  See Hanson v. Denckla, 357 U.S. 235, 238–39,

3

251–53 (1958).  Specifically, when an entity maintains contact with a new resident of Florida for the purpose of fulfilling legal obligations triggered before the resident relocated, that contact is insufficient to establish the minimum contacts required to qualify the entity for personal jurisdiction in the state.  See Bookman v. KAH, Inc. 614 So. 2d 1180, 1183 (Fla. 1st DCA 1993) (finding no personal jurisdiction over an insurance company legally required to maintain its coverage—and therefore, contact—with the plaintiff).

The only contacts Defendant is alleged to have with Florida are the communications it had with Plaintiffs after Plaintiffs relocated to the state.  Defendant, bound to finish the process of post-adoption reporting, continued its communications with Plaintiff via letters, emails, and telephone calls.  Based on these facts, and in the spirit of Hanson and Bookman, the Court finds that Defendant did not purposefully direct its activities toward Florida; rather, Plaintiffs pulled Defendant's communications there with them.   Extending jurisdiction to Defendant on that basis would offend traditional notions of fair play and substantial justice.

## CONCLUSION

Accordingly, it is now **ORDERED AND ADJUDGED** that

(1)    The Magistrate Judge's Report and Recommendation (Doc. No. 63) is

adopted and incorporated by reference in this Order of the Court;

(2)    Defendant Adoption Options Motion to Dismiss for lack of personal

jurisdiction ( Doc. No. 37) is GRANTED; and

(3)    The Clerk is directed to terminate Adoption Options as a party to this case.

DONE and ORDERED this 27th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

4

Copies to:  Counsel of Record and The Honorable Mary S. Scriven