## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TANYA MULLIGAN and MICHAEL
MULLIGAN,

        Plaintiffs,

-vs-                                     Case No.  8:07-cv-1991-T-24-MAP

THE FRANK FOUNDATION CHILD
ASSISTANCE INTERNATIONAL and
ADOPTION OPTIONS, Inc.,

        Defendants.
_____/

## ORDER

      This cause comes before the Court on the Motion filed by Defendant Frank Foundation

Child Assistance International ("Frank Foundation") to dismiss the Complaint for lack of

personal jurisdiction, or, in the alternative, to transfer venue, or for a more definite statement.

(Doc. No. 40).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 53) to which

Defendant filed a Reply (Doc. No. 55).  The Honorable Mary S. Scriven examined these filings

and recommended that Defendant's Motion to dismiss be granted for lack of personal

jurisdiction. (Doc. No. 64.)  Having found them moot in light of that recommendation, Judge

Scriven did not reach the remainder of the issues briefed.  Plaintiffs filed an objection to the

Report and Recommendation on October 14, 2008 (Doc. No. 67).

      This Court, however, finds that venue is improperly laid in the Middle District of Florida

and therefore does not adopt the Report and Recommendation, as the issue of personal

jurisdiction is moot in light of this finding.

## BACKGROUND

Defendant Frank Foundation is a Maryland not-for-profit corporation that works with Adoption Options, Inc. ("Adoption Options") to facilitate the adoption of foreign children by American families.  On February 9, 2004, while Plaintiffs were living in California, they entered into an agreement with Defendant Frank Foundation whereby Defendant would help Plaintiffs to adopt three Russian children. (Compl. at ¶ 5.)  In part, this agreement stated:

> The parties agree that no action or proceeding may be maintained by Applicants against Frank Foundation except in the District of Columbia Superior Court or the United States Federal Court, District of DC, and that these courts will have exclusive jurisdiction over such action or proceeding.[1]

(Def's Ex. 1, ¶ 6.) After signing this agreement, Plaintiffs worked with both Defendant and Adoption Options and successfully adopted children E.M., S.M., and M.M., whom Plaintiffs believed were healthy and gifted, based on representations by Defendant and its agents. (Compl., pp. 12–14.)

After the adoptions, S.M. and M.M. began exhibiting abnormal and violent behavior. Plaintiffs had the children psychologically evaluated and discovered that M.M. had "Severe Oppositional Defiant Disorder, Attention Deficit Disorder, Bi-Polar I Disorder (Mixed), [and] Severe Reactive Attachment Disorder (Angry)." (Id. at ¶ 33.)  Further, S.M. was diagnosed with "Severe Attention Deficit Disorder, Severe Frontal Lobe Dysfunction, Pre-Autism, PICA, Depression, Severe Reactive Attachment Disorder (Uninhibited), [and] an I.Q. of 68–72." (Id. at ¶ 23.)  As a result of these conditions, Plaintiffs allege that they will experience pain, suffering, and emotional distress and will incur costs for medical,  psychological, and life-long attendant

---

[1]At the time the contract was signed, Defendant Frank Foundation was located in the District of Columbia.  Its place of business is now in Maryland.

care for both of the children.  (<u>Id.</u> at 21, 24.)  Plaintiffs are suing for intentional

misrepresentation (Counts I–IV), negligent misrepresentation (Counts V and VI), and Fraud in

the Inducement (Count VII).

## **DISCUSSION**

Federal law requires a civil action to be brought in "(1) a judicial district where any

defendant resides, if all defendants reside in the same State, (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial

district in which any defendant is subject to personal jurisdiction at the time the action is

commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. §

1391(a).   Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."

When determining the proper venue for an action, forum-selection clauses are deemed

presumptively valid under Florida law and can be considered in a 1404(a) analysis.  <u>See</u> <u>Matrix</u>

<u>Z, LLC v. Landplan Design, Inc.</u>, 493 F. Supp. 2d 1242, 1248 (S.D. Fla. 2007).   A selection

clause is mandatory when "it dictates an exclusive forum for litigation under the contract."

<u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999).  Mandatory clauses contrast

with and are given more weights than permissive clauses, such as those in which one agrees to

"submit" to jurisdiction in a certain venue.  <u>Wai v. Rainbow Holdings</u>, 315 F.Supp. 2d 1261,

1272 (S.D. Fla. 2004).  Where a mutually agreed upon contract contains a mandatory forum-

selection provision, "the venue *mandated* by a choice of forum clause rarely will be outweighed

by other 1404(a) factors."  <u>Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Corp.</u>, 2006 WL

4990903 at *3 n. 20 (M.D. Fla. Jun. 15, 2006).   A mandatory venue provision may be

invalidated by other 1404(a) factors only when a plaintiff meets the heavy burden of showing

that the clause is unreasonable—as, for example, when a plaintiff would be virtually denied an

opportunity to litigate in the selected forum because of a special hardship. <u>Matrix Z, LLC.</u>, 493

F. Supp. 2d at 1248.  Financial hardship alone is insufficient to outweigh a mandatory forum-

selection clause.  <u>P&S Machs, Inc. v. Canon USA, Inc.</u>, 331 F.3d 804, 807 (11th Cir. 2003).

 Here, Plaintiffs live in Florida, Adoption Options is based in California, and Defendant

Frank Foundation in Washington, D.C.  Thus the first prong of 1391(a) does not support

bringing a claim in the Middle District of Florida, as neither—much less both—Defendants

reside in the state.  Next, the actions giving rise to Plaintiffs' Complaint took place primarily in

California—where the adoption was initiated and where the children were initially

evaluated—and in Russia—where Plaintiffs traveled to meet and to collect their adoptive

children.  Defendant Frank Foundation communicated with Plaintiffs from its office in

Washington, D.C. while Plaintiffs were in both Russia and California, but never while Plaintiffs

were in Florida.  Thus, the second prong of 1391(a) does not allow for venue to be laid in the

Middle District of Florida, as it was not home to "a substantial part of the events . . . giving rise

to the claim."

 Accordingly, venue for this case must be laid where a defendant in the case is subject to

personal jurisdiction.  The Court has already ruled that Defendant Adoption Options is not

subject to personal jurisdiction in the Middle District of Florida.  The Court does not reach the

issue of whether Defendant Frank Foundation is subject to personal jurisdiction in this Court but

assumes, for purposes of determining venue-selection, that it is so subject. Even if the Middle

District had personal jurisdiction over Defendant Frank Foundation, the Court would still transfer venue pursuant to Defendant's request based on 1404(a) factors.

Plaintiffs signed a contract agreeing to bring their claims against Defendant Frank Foundation in the District of Columbia.  The relevant clause specifically states:

> The parties agree that no action or proceeding may be maintained by Applicants against Frank Foundation except in the District of Columbia Superior Court or the United States Federal Court, District of D.C., and that these courts will have exclusive jurisdiction over such action or proceeding.

(Def. Ex. 1 ¶ 6.)  Plaintiffs argue that the clause only governs suits for cases regarding the contract itself.  However, the plain language says "no actions or proceedings . . . against Frank Foundation."  The Court reads this clause to cover actions far more diverse than just those arising out of contract disputes and finds that the clause encompasses the claims brought in the present action.

Plaintiffs argue that, in any case, the clause is permissive rather than mandatory.  The Court disagrees.  The permissive clause in the contract reads:

> Applicants further submit to the personal jurisdiction of the aforementioned courts with respect to any claims relating to or rising out of this Agreement or any actions or failures to act related thereto, and irrevocably waives any rights or defenses it may have to the commencement or continuation of of an action against them in the aforementioned courts based on lack of personal jurisdiction or improper or inconvenient venue.

(Def. Ex. 1 ¶ 6.)  However, this clause only applies to suits brought against Plaintiffs, giving Defendant permission to sue Plaintiff in a court located in Washington, D.C., should Defendant choose to sue there.  This contrasts with the relevant clause which *mandates* that suits brought *against* Defendant be brought in the courts of Washington, D.C.

Next, Plaintiffs suggest that even if the clause applied to this suit and mandated forum

selection, venue would still lie in the Middle District of Florida, because Plaintiffs have small and needy children to care for and because many potential witnesses, such as the children's doctors and teachers,  reside in the state.   This, say Plaintiffs, constitutes a hardship by making litigation elsewhere too expensive and inconvenient.   However, the Court finds that, while trial elsewhere would no doubt be a greater financial difficulty for Plaintiffs, that is not the type of hardship that would preclude Plaintiffs' day in court.

Plaintiffs themselves are not challenged by disability or illness; nor are they destitute. Cf. Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135 (N.D. Cal. 2000) (denying motion to dismiss because the plaintiff's physical and monetary constraints were so severe that they overcame the strong preference in favor of upholding the forum-selection clause).  Plaintiffs enjoy an annual income of approximately $120,000.  (Mulligan Aff. ¶ 20.)  Further, while some potential witnesses likely reside in the state of Florida, the record indicates that several likely reside elsewhere.  One of Plaintiffs' children has continuously been boarded at a school in Nova Scotia, where his teachers and doctors likely also reside.  The initial testing of Plaintiffs' children was performed in California, and the persons whom Plaintiffs allege misled them as to the health of their children worked in Russia, California, or for Defendant, in the Washington D.C. area.

Contract law allows people to try to order their own lives as they see fit and to mitigate or exacerbate the risks that lie before them, by lending the force of law to private agreements. Most people do not foresee catastrophe when they sign the contracts paving the road to their dreams.  Contracts like these are signed in times of joy, when people are full of hope, not skepticism.  Certainly Plaintiffs, excited by the prospect of building a family, did not anticipate

6

that they would ever sue Defendant.  Certainly, agreeing to the clause seemed a small price to pay for the opportunity to have children.  Now, Plaintiffs realize how difficult it will be to litigate far from home.  But, they gave their word.  As competent adults they agreed to the contract, and in exchange Defendant facilitated the adoption.  Defendant was entitled to rely upon the contract, just as Plaintiffs were.  The law would have held Defendant to its word, and it now must hold Plaintiffs to theirs.

Based on the mandatory forum-selection clause in the contract between Plaintiffs and Defendant, and in consideration of both what is practical and what is just, the Court finds that venue for the case against Defendant Frank Foundation properly lies in Washington, D.C.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for a change in venue is granted.   Due to this finding, the Court does not adopt the Magistrate Judge's Report and Recommendation to find that the Middle District of Florida has no personal jurisdiction over Defendant, as a transfer of venue moots the issue.  The Clerk is directed to transfer the case against Defendant Frank Foundation to the United States District Court for the District of Columbia.  Plaintiffs are directed to re-plead their case alleging solely claims against Frank Foundation.  **DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record and The Honorable Mary S. Scriven